UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MADRICUS FELDER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 4:10-cv-02355-CLS-TMP |
| | ) |
| **DONALD LUKIMA,** | ) |
| | ) |
|    **Defendant.** | ) |

## ORDER DENYING SUMMARY JUDGMENT

The magistrate judge filed his report and recommendation[1] on September 9, 2014, recommending that the court deny the defendant's motion for summary judgment filed July 21, 2014.[2] The defendant filed his objections to the report and recommendation on September 23, 2014. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72, the court has reviewed and considered *de novo* the report and recommendation, the objections to it, and other materials in the court file. The objections are hereby OVERRULED, and the report hereby is ADOPTED ,and the recommendation is ACCEPTED.

---

[1] Doc. no. 36.

[2] Doc. no. 30.

Although defendant objects to several portions of the report and recommendation, the most important one is the finding that factual disputes remain for a factfinder to resolve as to whether Officer Lukima used excessive force by punching, hitting, striking, or kicking plaintiff after he was restrained and handcuffed on the floor. Defendant contends that plaintiff testified in his deposition that Lukima did not hit, strike, or kick him. This is a misreading of plaintiff's testimony.

Plaintiff's deposition testimony, which must be accepted as true for purposes of the defendant's motion for summary judgment, is fairly clear. As plaintiff was walking out of his cell with a cellphone in his hand, Officer Lukima approached and demanded he surrender the phone as contraband. Instead, plaintiff threw the phone "upstairs" to the second tier of cells in the cellblock.[3] When he did so, Officer Lukima "tried to tackle" plaintiff.[4] There was a short "tussle," ending with Officer Lukima telling plaintiff to stand in the hallway.[5] Plaintiff described the "tussle" as, "[i]t's like he's trying to take me to the ground, but I'm not going to let you take me to the ground." When the "tussle" ended, plaintiff went to the hallway as instructed by Officer Lukima. Plaintiff saw another officer, Officer Thompson, with his cellphone, talking to Officer Lukima. Then, Officer Lukima came through the door

---

[3] Doc. no. 35-1, at 54.
[4] *Id*. at 55.
[5] Doc. no. 35-2, at 56-57.

into the hallway "and swung and punched [plaintiff] in the face."[6] The blow struck plaintiff "in the left side of the face," "[l]ike on the side of [plaintiff's] nose right up underneath the eye."[7] Officer Lukima then grabbed plaintiff by the shirt and pants and threw him to the floor.[8]

After being taken to the floor by Officer Lukima, other officers arrived and began punching and kicking plaintiff. Officer Lukima was still holding onto plaintiff's left arm, but had it bent upward. Plaintiff gave the following testimony:

> Q. So it's your belief, although you don't know for sure, but it's your belief that it was some other officers who were striking you, not Officer Lukima.
>
> A. I know all of them was striking me. He had already struck me when he tried to tackle me and tried to punch me.
>
> Q. You've already described that.
>
> A. And tried to break my shoulder, but now, the kicking in the head and the ribs and all that, no, he couldn't have did that and tried to cuff me. No, he couldn't have did that.

Doc. no. 35-2, at 96. Later, plaintiff again indicated that Officer Lukima also struck him while he was being punched and kicked by a group of officers:

> Q. And so it's your testimony that once you were placed on the ground, when he grabbed your shirt and your pants and put you on the ground

---

[6] *Id.* at 74.

[7] *Id.* at 81.

[8] *Id.* at 88-90.

and was trying to handcuff you, it's your belief that it was some other officers who were striking you, not Officer Lukima, because it would be very difficult for him to do both; is that correct?

A. It wouldn't be difficult for him to do both.

Q. I thought you said he had your arm --

A. He had my arm.

Q. He was trying to handcuff you.

A. Okay. But you've got one arm. You've got one of your hands on one of my arms. That leaves you with another arm. My right arm is already back. I'm trying to let them cuff me, but my left arm is way up here (indicating).

Q. Okay. So he's trying to cuff you.

A. Yeah. He's trying to cuff me. We'll say that.

Q. Okay. So I thought you said earlier, and we can look at the record, but that it was your thought that it was the other officers that were striking you. You don't know who it was --

A. I said I knew for a fact all of them was hitting me, but it would be hard for him to do it with one hand. So I mean, he can't just do all of this by himself. No, he can't.

Doc. no. 35-2, at 99-100. It simply is not true that plaintiff testified affirmatively that Officer Lukima did not strike him during the melee on the floor. He repeatedly testified that all of the officers were striking him. It is true that plaintiff testified that he did not see Officer Lukima strike him, but this was simply because he was being

restrained face down on the floor and could see none of the officers striking him.[9] "I didn't see anyone during this time until I was lifted up and being escorted to the office."[10] It reads far too much into the testimony to say that plaintiff affirmatively stated that he was not struck by the defendant.

It is true that, later still in his deposition testimony, he said that, "Other than trying to break my shoulder, no, he [Officer Lukima] didn't hit me."[11] This answer was in response to the question, "But when you were on the ground, you cannot say that Officer Lukima struck you."[12] In light of his earlier testimony that all of the officers struck him, this does nothing more than raise a question of credibility that must be resolved by the factfinder. In any event, he clearly described a use of force by Officer Lukima "trying to break [his] shoulder." Whether this is an exaggeration or otherwise unbelievable is not something that can be resolved on summary judgment. Likewise, the fact that plaintiff has, at various times, provided different versions of Officer Lukima's role in the alleged assault does nothing more than raise credibility issues that must be resolved by the factfinder. The court must view the facts favorably to the non-moving plaintiff at this stage of the case.

---

[9] *Id.* at 101.
[10] *Id.* at 102.
[11] Doc. no. 35-3, at 107.
[12] *Id.*

5

Defendant seems to advance the argument that plaintiff's theory of liability has shifted from an excessive force claim to a "failure to protect" claim that had not been pleaded by plaintiff. He basis this on some evidence suggesting that Officer Lukima restrained plaintiff while other officers punched and kicked him. As indicated above, defendant stresses those parts of plaintiff's testimony in which he says that Officer Lukima did not hit him. Officer Lukima argues that, absent evidence that he hit or kicked plaintiff, evidence that he did nothing more than restrain plaintiff while other officers hit and kicked him states a claim for "failure to protect," not use of excessive force.

The court disagrees. The fundamental constitutional right at stake under either view of the evidence is the right of plaintiff to be free from cruel and unusual punishment under the Eighth Amendment. Even assuming the evidence to be that Officer Lukima only restrained plaintiff (*i.e.*, held him to the floor with plaintiff's left arm raised behind plaintiff's back) while other officers were hitting and kicking him, such still would establish a violation of the Eighth Amendment prohibition. An officer who significantly assists the unconstitutional application of unnecessary force by restraining a prisoner while others beat him is equally liable for the violation of the Eighth Amendment as those who actually delivered the blows.

6

> The Eleventh Circuit Court of Appeals has held officers on the scene of an excessive-force violation accountable where the officers, by virtue of their presence on the scene, must have either directly participated in striking the plaintiff or clearly had the opportunity to intervene. *See Velazquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir.2007) (holding that, although the plaintiff could not identify which officer beat him, the two officers' presence at the beating would permit the jury to conclude that both officers were liable, either for excessive force or failure to intervene). In other words, under this line of cases, each defendant, by being present, necessarily committed a constitutional violation.

*Luster v. Ledbetter*, 647 F. Supp. 2d 1303, 1307 (M.D. Ala. 2009). Thus, whether there is evidence that Officer Lukima himself actually struck or kicked plaintiff is immaterial where plaintiff clearly testified that the defendant restrained him while other officers assaulted him.

The court agrees with the magistrate judge that the defendant's motion for summary judgment must be denied because there remain genuine issues of material fact concerning the alleged assault of plaintiff and Officer Lukima's role in it. Accordingly, the court ACCEPTS the magistrate judge's recommendation, and the motion for summary judgment is DENIED.

The case is again referred to the magistrate judge to hold an evidentiary hearing and to file a report and recommendation with proposed findings of fact and conclusions of law for resolution of plaintiff's Eighth Amendment claim.

The Clerk is DIRECTED to mail a copy of this Order to plaintiff.

DONE and ORDERED this 12th day of December, 2014.

/s/ Lynwood Smith
_____
United States District Judge